**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Ryan Lee (024846)**
**rlee@amarlawgrp.com**
**Amar Law Group, PLLC**
**7001 N. Scottsdale Rd. Suite 2060**
**Scottsdale, AZ 85253**
**(480) 237-2744 (phone)**
**(866) 226-1333 (facsimile)**
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| James M. Williams, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT –** |
| | ) **VIOLATION OF THE ARIZONA MOTOR** |
| vs. | ) **VEHICLE WARRANTIES ACT AND THE** |
| | ) **MAGNUSON-MOSS WARRANTY ACT** |
| General Motors, LLC d/b/a Chevrolet, | ) |
| | ) |
| Defendant. | ) |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00. This Court has pendent jurisdiction over the Arizona Motor Vehicle Warranties Act claim.

2. The Plaintiff, James M. Williams ("Plaintiff") is a consumer who resides in Chandler, Arizona. *See* Paragraph 4, *intra*.

Complaint - 1

3. The Defendant, General Motors, LLC d/b/a Chevrolet, ("Defendant") is a foreign corporation authorized to do business in the State of Arizona and is engaged in the manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the consuming public through its authorized dealerships.

4. On November 24, 2023, Plaintiff purchased a 2023 Chevrolet Camaro Vehicle Identification No. 1G1GG1R76P0133198 ("Camaro") manufactured, warranted, and supplied by Defendant, for a total purchase price of $53,500.00.

5. In connection with Plaintiff's purchase of the Camaro, Defendant issued and supplied Plaintiff with its written warranty, which has *inter alia* three-year/36,000-mile bumper to bumper coverage.

6. In addition, under Defendant's written repair or replacement warranty, Defendant and its repair agents were required, by common law and statute, to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a reasonable opportunity and amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

7. Plaintiff experienced multiple nonconformities with the Camaro that manifested after acquisition. Specifically, the Camaro exhibited the following defects and conditions: engine (7 repair attempts), cranking condition (4 repair attempts), check engine light (3 repair attempts), electrical (2 repair attempts), transmission (2 repair attempts), loss of power condition, shifting condition, non-starting condition, BCM, software, key fob, suspension, and leaking condition.

8. The Camaro was out of service for more than one hundred and eighty (180) days as a result of warranty repairs to address its defects and conditions in under 9,000 miles of use.

9. Defendant was not able to cure the Camaro's defects within a reasonable number of attempts or time as evidenced by the Camaro's frequent repair attempts and defect repair history.

10. Upon information and belief, the Camaro remains defective and nonconforming.

11. The Camaro's warranty failed of its essential purpose.

12. The above-mentioned vehicle defects and the dilatory inadequate repairs constitute substantial impairment in the use and value of the subject vehicle to Plaintiff.

13. Plaintiff provided Defendant, through its designated dealership warranty repair agents, a reasonable opportunity to repair the defects, nonconformities and conditions within the Camaro.

14. Defendant had notice of the Camaro's defects and an opportunity to cure.

15. Plaintiff gave Defendant additional written notification of the defects and repair history of the Camaro (through undersigned) as well as Plaintiff's lawful request for relief on March 5, 2025.

16. Defendant and Plaintiff were unable to reach an accord.

17. Plaintiff has been and will continue to be financially damaged due to Defendant's failure to conform the Camaro to its warranty.

18. Plaintiff did not receive the basis of his bargain, for a warranted Camaro, but instead were saddled with a vehicle riddled with substantial conditions akin to an improperly maintained, much higher mileage and age vehicle of a much lower value.

19. Plaintiff has met all legal and enforceable obligations and preconditions provided in Defendant's warranty and applicable law. As a direct and proximate result of Defendant's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiff suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiff is entitled to bring suit for damages and other legal and equitable relief.

20. Plaintiff demands a trial by jury.

## COUNT I
## VIOLATION OF THE ARIZONA MOTOR VEHICLE WARRANTIES ACT

21. Plaintiff re-alleges and incorporate by reference paragraphs 1-20 in this Complaint.

22. Defendant failed to comply with the Arizona Lemon Law's express repair reasonability requirements. In accordance with A.R.S. § 44-1263(A), Plaintiff is entitled to equitable relief in the form of a refund of the subject vehicle's purchase price or a comparable new replacement vehicle at Plaintiff's option.

WHEREFORE, pursuant to A.R.S. § 44-1261 *et seq.*, Plaintiff prays for the following relief against Defendant:

   a. A comparable new replacement vehicle or full refund of the purchase price inclusive of financing charges accrued minus a reasonable usage offset not to exceed ten (10) cents per mile (at Plaintiff's election);

   b. All reasonable attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

   c. Any other relief deemed justified by this Court.

# COUNT II
# BREACH OF WRITTEN WARRANTY
# PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

23. Plaintiff re-alleges and incorporate by reference paragraphs 1-22 in this Complaint.

24. Defendant failed to comply with its repair duties and obligations under the Camaro's written warranty. Additionally, the warranty failed of its essential purpose.

25. Defendant did not repair the Camaro's defects and conditions within a reasonable number of attempts or time.

WHEREFORE, pursuant to 15 U.S.C. § 2310 (d), Plaintiff prays for the following relief against Defendant for its written warranty breach:

a. An award of diminution in value damages and any equitable relief to which Plaintiff is entitled;

b. All incidental and consequential damages;

c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

d. All other relief deemed justified by this Court.

**RESPECTFULLY SUBMITTED** this 17th day of June, 2025.

By: /s/Ryan Lee
Shalev Amar
Ryan Lee
Amar Law Group, PLLC
7001 N. Scottsdale Rd. Suite 2060
Scottsdale, AZ 85253
(480) 237-2744
*Attorneys for Plaintiff*